IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH D. BRONCHEAU<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>  Defendant. | Case No.  3:16-CV-269-BLW<br><br>(Criminal Case 3:13-cr-010-BLW)<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it two motions filed by plaintiff Broncheau and a motion to dismiss filed by the Government.  Broncheau has filed (1) a motion under § 2255 seeking to set aside that portion of his sentence based on 18 U.S.C § 924(c); and (2) a motion for declaratory and injunctive relief seeking to bar the Government from refiling a First-Degree Murder charge.  Broncheau received counsel and the motions are fully briefed and at issue.  For the reasons explained below, the Court will (1) deny the Government's motion to dismiss; (2) grant the § 2255 motion; (3) schedule a resentencing based only on the Second-Degree Murder charge; and (4) bar the Government from refiling the First-Degree Murder charge.

The Court recognizes that this was Judge Lodge's case for some time and he continued the briefing on the § 2255 motion until a ruling was made on the other motions.  At a later point, this case was transferred to this Court.  In the interim, as discussed fully below, the Supreme Court has issued decisions that resolved issues

pending when this case was filed and when much of the briefing was done.  As there is no reason to wait for further briefing because the issues have been resolved by the Supreme Court, the Court will decide all pending motions in this decision.  If the Government feels that it did not have a full opportunity to file the necessary briefs, they are free to request additional briefing, and that offer applies equally to the plaintiff.

## LITIGATION BACKGROUND

On June 21, 2012, Broncheau murdered his mother at their residence in Indian country.  He shot her with a rifle, poured gasoline on her, and set her on fire.

Broncheau was indicted on a charge of First-Degree Murder.  The penalty, if convicted, was "death or by imprisonment for life." *See* 18 U.S.C. § 1111(b).

Following negotiations between the prosecutor and Broncheau's two attorneys, Broncheau signed a plea agreement under which the Government agreed to move to dismiss the Indictment alleging the First-Degree Murder charge in exchange for a guilty plea to an Information charging him with (1) Second-Degree Murder under 18 U.S.C. § 1111, and (2) Use of a Firearm in a Crime of Violence under 18 U.S.C. § 924(c), with the crime of violence being the Second-Degree Murder charge.  In that plea agreement, Broncheau also agreed (1) that the parties would jointly recommend a sentence of 360 months; (2) that he could appeal only if the Court gave him a sentence in excess of 360 months; and (3) that he was limited to one habeas petition claiming ineffective assistance of counsel.

Broncheau entered his guilty plea and was sentenced in August of 2013 to 360 months of incarceration.  The Court reached the 360-month sentence by imposing 240

**Memorandum Decision & Order – page 2**

months for Second-Degree Murder, to be served consecutively to 120 months for Use of a Firearm in a Crime of Violence. This sentencing structure followed the joint proposal of the parties in the plea agreement.

About three years later, Broncheau filed this § 2255 motion. He argues that his 120-month sentence for the use of a firearm charge is invalid because it was predicated on the use of a firearm in a crime of violence, with the crime of violence being Second-Degree Murder, a crime that according to Broncheau cannot constitute a crime of violence under § 924(c). He asks this Court to vacate that portion of his sentence under the § 924(c) charge.

## ANALYSIS

### **Motion to Dismiss**

The Government seeks to dismiss Broncheau's petition under § 2255 on the ground that the sentence was legal, and that he is barred in any event from this challenge because it is untimely and because he waived any challenge in his Plea Agreement. The Court begins its analysis with § 2255's direction that if a sentence violates the law, the Court "shall discharge the prisoner, or resentence him or grant a new trial or correct the sentence as may appear appropriate." *See* 28 U.S.C. §§ 2255(a),(b).

Broncheau challenges that portion of his sentence based on 18 U.S.C. § 924(c)(1)(A)(iii) that provides a ten-year consecutive sentence for any person who "during and in relation to any crime of violence" discharges a firearm. Section 924(c)(3) defines a "crime of violence" as:

an offense that is a felony and —

**Memorandum Decision & Order – page 3**

>
> A. has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> B. that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Paragraph (A) is referred to as the "use of force clause," and paragraph (B) is referred to as the "residual clause." The Supreme Court has since held that subsection (B) is unconstitutionally vague. *U.S. v. Davis,* 139 S.Ct. 2319, 2336 (2019). Thus, the issue narrows to whether subsection (A) covers Second-Degree Murder under 18 U.S.C. § 1111. It does not, according to the Ninth Circuit. *U.S. v. Begay*, 934 F.3d 1033, 1038 (9th Cir. 2019) (holding that Second-Degree Murder under § 1111 could be committed recklessly and hence is not a crime of violence under § 924(c)(3)(A)). That decision has retroactive effect. *Welch v. U.S.,* 136 U.S. 1257 (2016). Because the effect of these rulings is to render inapplicable both subsections as to Broncheau, that portion of his sentence based on § 924(c) is illegal.

The Government argues, however, that the appeal waiver in Broncheau's Plea Agreement bars any challenge to the sentence under § 924(c). That appeal waiver states as follows:

> [T]he defendant waives any right to appeal or to collaterally attack the entry of plea, the conviction, entry of judgment, and sentence. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the plea, conviction or sentence in this case. Further, if the defendant violates this waiver it will be a breach of this Agreement and the Government may withdraw from this Plea Agreement and take other remedial action.

An appeal waiver in a plea agreement is enforced if "the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and if the waiver

was knowingly and voluntarily made." *See U.S. v. Torres,* 828 F.3d 1113, 1124 (9th Cir. 2016). In this case, the language certainly encompasses Broncheau's appeal. In his plea agreement he knowingly bargained away "*any*" collateral attack on his sentence, and knowingly agreed to the dismissal of "*any*" collateral attack challenging his sentence. This waiver language could not be any broader, and clearly encompasses this collateral attack on his sentence.

Nevertheless, the Circuit has held that in certain instances even broad waiver language will not be applied to block an appeal or collateral attack. In *Torres* the waiver language in the plea agreement was similarly broad but the Circuit refused to apply it, citing an exception for cases where a later judicial decision rendered the original sentence illegal. *See also U.S. v. Bibler,* 495 F.3d 621, 624 (9th Cir. 2007) (holding that "[a]n appeal waiver will not apply if . . . the sentence violates the law").

Under this case law, the waiver language in Broncheau's plea agreement does not prohibit his challenge to § 924(c) based on Supreme Court cases – *Davis* and *Begay* – that subsequently rendered that portion of the sentence illegal. The Court must therefore deny the Government's motion to dismiss.[1]

Because that portion of the sentence based on the § 924(c) charge is illegal, the Court must grant Broncheau's § 2255 motion and vacate the Judgment. *U.S. v. Barron,* 172 F.3d 1153, 1157 (9th Cir. 1999) (*en banc*). Vacating the Judgment "does not prevent

---

[1] Moreover, Broncheau's motion is timely as § 2255 allows suit "at any time" to correct a sentence imposed in violation of law. *Barron,* 172 F.3d at 1157.

**Memorandum Decision & Order – page 5**

the reinstatement of unchallenged counts when the court decides to resentence or to correct the sentence." *Id.* This authority authorizes the Court to reinstate the "unchallenged count" – that is, the Second-Degree Murder count – and resentence Broncheau on that count alone. The statute for that charge provides for imprisonment "for any term of years or for life." *See* 18 U.S.C. § 1111(b).

The Court will therefore schedule a resentencing for Broncheau on the Second-Degree Murder charge alone.

**Motion for Declaratory Judgment & Injunctive Relief**

Broncheau filed a motion for declaratory and injunctive relief because he was informed that the Government will seek to reinstate the First-Degree Murder charge if he succeeds in overturning his § 924(c) conviction. The Government justifies its threat on the basis that Broncheau breached the Plea Agreement by seeking to overturn the § 924(c) charge, thereby returning the parties to their pre-Plea Agreement positions and allowing the Government to refile the First-Degree Murder charge. To forestall that, Broncheau seeks a declaratory judgment that he did not breach the Plea Agreement, that it remains binding on the Government, and that it compels the Court to enjoin the Government from refiling the First-Degree Murder charge.

To resolve this issue, the Court turns to the Ninth Circuit's decision in *Barron*. There, defendant Barron entered into a plea agreement that included, (1) pleas to a § 924(c) charge along with two other charges, and (2) the Government's agreement not to file additional charges. Years later, the Supreme Court issued a decision on § 924(c) that made the charge improper under the facts of Barron's case. He brought a § 2255 motion

to overturn that portion of his sentence (5 years) based on the § 924(c) charge. The Government agreed that the Supreme Court case required a resentencing that ignored the § 924(c) charge but argued that this amounted to a rescission of the plea agreement, allowing the Government to file the additional charges forgone in the plea agreement. Barron disagreed, stating that the plea agreement remained binding on the Government preventing it from filing the additional charges.

The Circuit, sitting en banc, agreed with Barron, holding that "[t]o seek to set aside a conviction for conduct that is innocent is neither to breach nor to repudiate the agreement." *Barron,* 172 F.3d at 1158. The decision holds that although Barron's conviction had to be set aside, his § 2255 motion had done nothing "to breach nor to repudiate the agreement," and accordingly, the agreement remained in force, preventing the Government from filing charges forgone in the plea agreement. *Id*. at 1158.

*Barron* requires the Court to hold that to the extent that Broncheau's § 2255 motion sought to set aside his § 924(c) conviction, his § 2255 motion did not breach his Plea Agreement. Under *Barron,* the Government is not free to refile the First-Degree Murder charge. The Court will therefore grant Broncheau's motion for declaratory and injunctive relief to that extent.

This decision raises an issue not addressed in the briefing. The Court will be resentencing Broncheau on the Second-Degree Murder charge only. As noted above, the statute for that charge provides for imprisonment "for any term of years or for life." *See* 18 U.S.C. § 1111(b). Does the Court have the discretion to sentence Broncheau to any term permitted by the statute? Or is the Court bound by the Plea Agreement? The Court

**Memorandum Decision & Order – page 7**

has just held that under *Barron,* Broncheau did not breach the Plea Agreement by seeking to overturn that portion of his sentence based on § 924(c), and that it remains binding on the Government to the extent it bars the Government from refiling a First-Degree Murder charge.

But if the Plea Agreement remains binding on both sides, does it compel a sentence of 360 months on the Second-Degree Murder charge because that was the clear intent of the Plea Agreement? After all, the Plea Agreement signed by Broncheau contained a joint proposal asking the Court to sentence him to a total of 360 months, calculated by imposing 240 months for Second-Degree Murder, to be served consecutively to 120 months on the § 924(c) charge. If the Plea Agreement remains binding under *Barron,* does that mean that upon resentencing (1) the only permissible sentence is 360 months because the only permissible reading of the Plea Agreement is that both sides intended a 360 month sentence, however calculated; or (2) the only permissible sentence is 240 months because the only permissible reading of the Plea Agreement is that both sides intended that sentence for the Second-Degree Murder charge, the only remaining charge? Or is there some third result compelled by the law? Note that the issue does not appear to be resolved in *Barron* because in that case "there was no agreement to a specific sentence." *Barron,* 172 F.3d at 1155.

At any rate, this issue was not briefed, and the Court raises the issue not to render any opinion but only to give the parties an opportunity to brief it prior to the resentencing.

**Conclusion**

In conclusion, the Court makes the following findings consistent with the analysis above: (1) The Government's motion to dismiss is denied; (2) Broncheau's motion under § 2255 seeking to strike that portion of his sentence based on § 924(c) is granted; (3) The Clerk shall schedule a resentencing hearing at which time the Court will resentence Broncheau on the Second-Degree Murder charge only, set aside the earlier Judgment, and enter a new Judgment; (4) Broncheau's motion for declaratory judgment and injunction is granted to the extent it seeks a declaratory judgment that Broncheau did not breach the Plea Agreement by filing a § 2255 motion seeking to overturn his § 924(c) conviction and an injunction enjoining the Government from filing a First-Degree Murder charge. Finally, the Court expresses no opinion on the issue raised above concerning the proper sentence under the statute or the Plea Agreement.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Government's motion to dismiss (docket no. 10) is DENIED;

IT IS FURTHER ORDERED, that plaintiff Broncheau's motion under § 2255 (docket no 1) is GRANTED to the extent it seeks to strike that portion of his sentence based on § 924(c).

IT IS FURTHER ORDERED, that the Clerk shall schedule a resentencing hearing at which time the Court will resentence Broncheau on the Second-Degree Murder charge only, set aside the earlier Judgment, and enter a new Judgment.

IT IS FURTHER ORDERED, that defendant Broncheau's motion for declaratory judgment and injunction (docket no. 5) is GRANTED to the extent it seeks a declaratory judgment that Broncheau did not breach the Plea Agreement by filing a § 2255 motion seeking to overturn his § 924(c) conviction and an injunction enjoining the Government from filing a First-Degree Murder charge.

DATED: April 3, 2020

_____
B. Lynn Winmill
U.S. District Court Judge