UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KENNETH D. BRONCHEAU

Petitioner,

v.

UNITED STATES OF AMERICA

Respondent.

Case No. 3:16-CV-269-BLW

(Criminal Case 3:13-cr-010-BLW)

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

The Court has before it the United States' Motion for Reconsideration. For the reasons set forth below, the Court will grant part of the motion, staying the resentencing, but will deny the remainder of the motion asking the Court to withdraw its decision.

## BACKGROUND

On April 3, 2020, this Court granted petitioner Kenneth Broncheau's motion under §2255 to set aside the portion of his sentence based on 18 U.S.C. §924(c) as second-degree murder does not qualify as a "crime of violence" within the meaning of that statute. *United States v. Begay*, 934 F.3d. 1033, 1038 (9th Cir. 2019). The Court directed the Clerk to schedule a resentencing on that portion of

the sentence that the Court declared invalid.

On April 9, 2020, the Government filed a motion for reconsideration asking this Court to "reconsider its decision filed April 3, 2020, withdraw that decision, and stay the case." *See Brief (Dkt. No. 17)* at p. 2. The Government seeks a stay of the resentencing until the resolution of related, pending litigation in the Supreme Court and the Ninth Circuit. *See U.S. v. Borden,* 769 F. App'x 266 (6th Cir. 2019), *cert. granted*, No. 19-5410, 2020 WL 981806 (U.S. Mar. 2, 2020); *U.S. v. Orona*, 942 F.3d 1159 (9th Cir. 2019) (granting rehearing *en banc* on November 18, 2019).

Both of these appeals raise an issue identical to that considered in the Court's decision of April 3, 2020: Whether crimes with a *mens rea* of recklessness are crimes of violence.

**LEGAL STANDARD**

When a motion to reconsider is filed within ten days of entry of judgment, it is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *American Ironworks & Erectors, Inc. v. North American Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Under Rule 59(e), a court may only grant relief when "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is

based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law." *Hiken v. Dept. of Defense*, 836 F.3d 1037, 1042 (9th Cir. 2016) (internal quotation marks omitted).

**ANALYSIS**

The Court turns first to that part of the motion asking the Court to withdraw its decision. As the Government filed its motion for reconsideration within ten days of entry of judgment, the Court will treat the motion as a motion to alter or amend judgment under Rule 59(e). The required elements, listed above, have not been shown. There has not been a showing of clear error, the moving party has not presented new evidence, there is no implication of "manifest injustice," and there has been no change in the controlling law. The Court therefore denies that portion of the motion seeking withdrawal of the decision.

The Court turns next to that portion of the motion that seeks to stay the resentencing pending resolution of *Borden* and *Orona.* A court may stay proceedings as part of its inherent power to control its docket. *Yong v. INS*, 208 F.3d 1116 (9th Cir. 2000). The inherent power to stay includes ordering a stay "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863 (9th Cir. 1979). Where a stay is considered pending the resolution of another action, the court need not find that

two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a district court must weigh the competing interests that will be affected. *See CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). The competing interests include (1) the damage that may result from granting a stay; (2) the hardship or inequity a party may suffer if required to proceed in the litigation; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 268.

In *Yong,* the Ninth Circuit reversed a stay of a habeas petition brought by a defendant facing deportation. *Yong*, 208 F.3d at 1119. The District Court had stayed the case in part on the basis of judicial economy because an appeal in a separate case raised the same issues that defendant Yong presented. But the Ninth Circuit pointed out that that no prior case had ever authorized an indefinite and potentially lengthy stay in a habeas case on the basis of judicial economy. *Id.* at 1119-21. The Circuit was especially concerned that Yong would have to wait a significant period of time before his claims were finally adjudicated, and the stay at issue would not materially affect the Government. *Id.* at 1121.

Here, unlike *Yong,* a stay would not be unprecedented – indeed, the Ninth

Circuit itself stayed its proceedings in *Orona* pending a resolution in *Borden. See U.S. v. Orona,* 17-17508, Dkt. 71 (staying the rehearing en banc until "the issuance of a decision by the Supreme Court" in *United States v. Borden*"). In addition, for the same reasons, the Circuit stayed its proceedings in *U.S. v. Begay*, No. 14-10080, 2019 WL 7900329, at *1 (9th Cir. Dec. 5, 2019).

Another important factor here is that there is no argument that the defendant might serve out that portion of his sentence that was not challenged due to the delay caused by the stay. The defendant has not identified any specific prejudice he might suffer due to the stay.

But not all factors weigh in favor of a stay. An important contrary factor is that current Ninth Circuit law requires a resentencing, and that authority is substantially diminished if appeals trigger stays as a matter of course. The defendant is entitled to be resentenced under current Ninth Circuit law, and that resentencing should, in normal times, proceed without delay.

But these are not normal times. *Yong* recognized the Court's inherent authority to control its docket, and the impact of COVID-19 cannot be completely ignored here. In normal times the potential inconvenience of unnecessarily transporting the defendant to-and-from FCI-Butner for a resentencing (that might be unnecessary depending on the outcome in *Borden* or *Orona*) is not even

considered in the analysis. But COVID-19 adds some danger to that transport, making it more than a mere inconvenience.

Even so, the virus does not dictate the outcome here. The main factors that lead the Court to grant a stay are these: (1) the defendant is not prejudiced in any way by the delay waiting for a decision in *Borden;* (2) there is a high likelihood that resolution of *Borden* and *Orona* will have a direct impact on this case*;* (3) judicial economy is served by the stay to avoid a potentially unnecessary resentencing; and (4) if the normal course of the appellate process in *Borden* and *Orona* is delayed, or if it appears the pertinent issues in those appeals will not be addressed, the defendant remains free to file a motion to lift the stay.

The Court will therefore grant that portion of the Government's motion seeking a stay of the resentencing, but will deny that portion seeking a withdrawal of the Court's decision.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for reconsideration (docket no. 17) is GRANTED IN PART AND DENIED IN PART. It is denied to the extent it seeks withdrawal of the Court's decision issued April 3, 2020. It is granted to the extent it seeks to stay the resentencing of the defendant pending resolution of *U.S. v. Borden,* 769 F. App'x 266 (6th Cir. 2019), *cert.*

*granted*, No. 19-5410, 2020 WL 981806 (U.S. Mar. 2, 2020); *U.S. v. Orona*, 942 F.3d 1159 (2019) (granting rehearing *en banc* on November 18, 2019).

DATED: June 10, 2020

B. Lynn Winmill
U.S. District Court Judge