UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH D BRONCHEAU,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 3:16-cv-00269-BLW<br>3:13-cr-00010-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Respondent's Motion to Lift Stay and to Impose the Original Negotiated Sentence (Cv. Dkt. 24[1]). For the reasons discussed below, the Court will grant the motion and lift the stay. Accordingly, Petitioner's original Judgment (Cr. Dkt. 31) and 360-month sentence remains in full force and effect.

## BACKGROUND

In 2013, Petitioner entered a guilty plea to an Information charging him with Second-Degree Murder under 18 U.S.C. § 1111, and Use of a Firearm in a Crime

---

[1] This matter involves two interrelated cases, Petitioner's underlying criminal case (3:13-cr-00010-BLW), referred to hereafter as Cr. Dkt., and his § 2255 civil case (3:16-cv-00269-BLW) will be referred to as Cv. Dkt.

**MEMORANDUM DECISION AND ORDER - 1**

of Violence under 18 U.S.C. § 924(c), with the crime of violence being the Second-Degree Murder Charge. Cr. Dkt. 17. Consistent with the joint recommendation, the Court sentenced Petitioner to 360 months of incarceration. Cr. Dkt. 31. Specifically, the Court imposed a 240-month sentence for the Second-Degree Murder charge, and a sentence of 120 months for Use of a Firearm in a Crime of Violence, to be served consecutively. *Id.*

About three years later, Petitioner filed a motion under § 2255 asking this Court to vacate the § 924(c) conviction and impose only the 240-month sentence for the second-degree murder charge. Cv. Dkt. 1. He argued the firearm charge was invalid because second-degree murder could not serve as a predicate crime of violence within the meaning of that statute.

On April 3, 2020, this Court granted Petitioner's § 2255 motion, finding the initial decision in *United States v. Begay*, 934 F.3d 1033, 1036 (9th Cir. 2019), *reh'g en banc granted, opinion vacated*, 15 F.4th 1254 (9th Cir. 2021), and *on reh'g en banc*, 33 F.4th 1081 (9th Cir. 2022), binding on this Court, and directed the Clerk to schedule a resentencing on the § 924(c) charge. Cv. Dkt 15 at 4. The Government timely filed a motion to reconsider and issue a stay until the Supreme Court resolved *United States v. Borden*, 769 F. App'x 266, 267 (6th Cir. 2019), *rev'd and remanded*, 141 S. Ct. 1817 (2021), and the Ninth Circuit conducted its

**MEMORANDUM DECISION AND ORDER - 2**

rehearing *en banc* of *Begay's* predecessor case, *United States v. Orona*, 923 F.3d 1197, 1199-1200 (9th Cir. 2019), which called into question the validity of the initial holding in *Begay*.

While, at the time, the Court denied Respondent's request to withdraw its § 2255 decision, the Court granted a stay on Petitioner's resentencing pending resolution of *Borden* and *Orona*. Cv. Dkt. 20. This Court reasoned, in part, that there was a high likelihood the resolution of those matters would directly impact this case and that judicial economy was best served by staying the case to avoid a potentially unnecessary resentencing. *Id*. at 6.

On April 14, 2022, the Court held an informal status conference with counsel for each party. During the status conference, the parties acknowledged that *United States v. Begay*, which was awaiting an *en banc* decision, would be dispositive in this matter. With the consent of the parties, the Court entered an order continuing the stay on Petitioner's resentencing until the decision was issued, and "any petition for certiorari that may be filed in [*United States*] *v. Bengay* [was] either denied or, if granted, the [United States] Supreme Court issue[d] its decision." Cv. Dkt. 22.

## DISCUSSION

On October 11, 2022, the United States Supreme Court denied certiorari in

**MEMORANDUM DECISION AND ORDER - 3**

*United States v. Begay*, 33 F.4th 1081 (9th Cir.), *cert. denied*, 143 S. Ct. 340 (2022), finalizing the Ninth Circuit's ruling. In *Begay*, an *en banc* Ninth Circuit overruled its initial decision, holding that second-degree murder is, in fact, a crime of violence and can serve as a predicate offense for a charge under 18 U.S.C. § 924(c). *Id*. at 1093 ("we conclude that a conviction for second-degree murder pursuant to § 1111(a) constitutes a crime of violence because murder is the unlawful killing of a human being with malice aforethought, *see* 18 U.S.C. § 1111(a), and to kill with malice aforethought means to kill either deliberately or recklessly with extreme disregard *for human life*[.]"). As discussed, *Begay* is binding and is therefore dispositive to Petitioner's attempt to invalidate his firearms charge.

According to the final resolution of *Begay*, and per this Court's prior order, there is no further justification for the continued imposition of the stay in this case. *See* Cv. Dkt. 22. The Court will accordingly grant the Respondent's motion. Moreover, under *Begay,* there also is no reason for the Court to conduct a resentencing in this case, as Petitioner's challenge to his firearm charge no longer has legal support under Ninth Circuit precedent. *See* 33 F.4th at 1093.

While the *Begay* decision created a temporary question regarding the validity of the firearms charge, the Court never vacated, amended, or reentered the

**MEMORANDUM DECISION AND ORDER - 4**

Judgment in the underlying criminal case, nor did it undergo a resentencing. Thus, at all relevant times, Petitioner's original Judgment (Cr. Dkt. 31) remained in full force and effect. More importantly, absent such action, the original Judgment, and its 360-month sentence, will continue to control in the underlying criminal case, as it always has.

Accordingly, this Court will grant Respondent's motion to lift the stay and, without any further action by the Court, the original Judgment (Cr. Dkt. 31) in Petitioner's underlying criminal case shall remain in full force and effect.

## ORDER

**IT IS ORDERED that:**

1. Respondent's Motion to Lift Stay and to Impose the Original Negotiated Sentence (Cv. Dkt. 24) is **GRANTED**.

2. It is **FURTHER ORDERED** that the original Judgment (Cr. Dkt. 31), sentencing Petitioner to 240 months for Second-Degree Murder, to be served consecutively to 120 months for Use of a Firearm in a Crime of Violence, remains in full force and effect in Petitioner's underlying criminal case (3:13-cr-00010-BLW).

**MEMORANDUM DECISION AND ORDER - 5**

DATED: March 29, 2023

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**